IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG TRONG NGUYEN,

    Petitioner,                         No. 2:10-cv-3068 MCE KJN P

    vs.

GEORGE A. NEOTTI, Warden,[1]

    Respondent.                     FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding through counsel, with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's motion to dismiss the pending habeas petition as successive under 28 U.S.C. § 2244(b)(2) and because it is barred by the statute of limitations.  On August 3, 2011, petitioner filed a document entitled "Motion to (Withdraw) Petition Concede to Dismiss."  (Dkt. No. 21.)  Petitioner states he is indigent and has trouble speaking English.  Petitioner asks for appointment of counsel, but states that if counsel is not appointed, petitioner asks to withdraw his petition.  The court

---

[1] Pursuant to respondent's request, George A. Neotti, the current Warden of Richard J. Donovan Correctional Facility, is substituted as respondent in place of K. Harrington.  Fed. R. Civ. P. 25(d).

construes petitioner's filing as a statement of nonopposition to respondent's motion to dismiss. For the reasons set forth below, the undersigned declines to appoint counsel and recommends that respondent's motion be granted.

II. Successive Petition

The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the 2000 conviction and sentence challenged in this case. Nguyen v. Runnels, et al., 2:02-cv-2037 MCE KJM.[2]  The previous application was filed on September 13, 2002, and was denied on the merits on April 4, 2003.  On July 25, 2003, the Court of Appeals for the Ninth Circuit declined to issue a certificate of appealability.  (Id., Dkt. No. 24.)  Before petitioner can proceed with the instant application he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3).  Therefore, petitioner's application must be dismissed without prejudice to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

III. Statute of Limitations

Because this action must be dismissed as successive, the court need not reach respondent's argument that the instant action is barred by the statute of limitations.

IV. Appointment of Counsel

Petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be

---

[2] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

served by the appointment of counsel.

V. Conclusion

        IT IS HEREBY ORDERED that:

        1. Petitioner's August 3, 2011 filing (dkt. no. 21) is construed as a statement of non-opposition to respondent's motion to dismiss; and

        2. Petitioner's August 3, 2011 request for appointment of counsel (dkt. no. 21) is denied without prejudice.

        IT IS HEREBY RECOMMENDED that respondent's April 26, 2011 motion to dismiss (dkt. no. 18) be granted, and this action be dismissed without prejudice.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2011

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nguy3068.mtd